UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                                     :

WILLEM LUST,                     :         10 Civ. 8963 (WHP)

                   Plaintiff,     :         MEMORANDUM & ORDER

         -against-                     :

NEDERLANDSE PROGRAMMA
STICHTING, et ano.,                :

                 Defendants.    :
------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/18/11

WILLIAM H. PAULEY III, District Judge:

        Defendants Nederlandse Programma Stichting and Carel Kuyl move to dismiss on forum non conveniens grounds and for lack of personal jurisdiction. For the following reasons, Defendants' motion to dismiss is granted on forum non conveniens grounds.

        "The doctrine of forum non conveniens is a discretionary device permitting a court in rare instances to dismiss a claim even if the court is a permissible venue with proper jurisdiction over the claim." Carey v. Bayerische Hypo-Und Vereinsbank AG, 370 F.3d 234, 237 (2d Cir. 2004). When evaluating a forum non conveniens challenge, a court should employ the "three-step analysis set forth in Iragorri v. United Techs. Corp., 274 F.3d 65, 71-75 (2d Cir. 2001) (en banc)." Abdullahi v. Pfizer, Inc., 562 F.3d 163, 189 (2d Cir. 2009). "At step one, a court determines the degree of deference properly accorded the plaintiff's choice of forum. At step two, it considers whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute. Finally, at step three, a court balances the private and public interests implicated in the choice of forum." Norex Petroleum Ltd. v. Access Indus., Inc., 416

F.3d 146, 153 (2d Cir. 2005). A defendant bears the burden at steps two and three. Abdullahi, 562 F.3d at 189.

At step one, a court should compare the lawsuit's bona fide connection to the forum against any indicia that the plaintiff was motivated by forum-shopping. Norex Petroleum, 416 F.3d at 154. A foreign plaintiff's choice of forum is generally entitled to less deference, but may be accorded some deference if it is based on "legitimate reasons." Bigio v. Coca-Cola Co., 448 F.3d 176, 179 (2d Cir. 2006). Although Willem Lust ("Lust") resided in New York when he filed this action, he was on a temporary assignment in the United States. In addition, all parties to this action are Dutch citizens and most of the witnesses and evidence are in the Netherlands. Lust also appears to have been motivated by forum shopping considerations given his concerns about the availability of contingency fees and a jury trial in the Netherlands. Accordingly, this Court finds that Lust's choice of forum is entitled to only minimal deference.

At step two, "[t]he adequate alternative venue requirement . . . is ordinarily satisfied if (1) the defendants are amenable to service of process there, and (2) the forum permits litigation of the subject matter of the dispute." Corporacion Tim, S.A. v. Schumacher, 418 F. Supp. 2d 529, 532 (S.D.N.Y. 2006). Here, both requirements are satisfied. As Dutch citizens, Defendants are subject to service of process in the Netherlands. And as Plaintiff's expert's declaration makes clear, Dutch courts permit litigation of disability discrimination actions. See Rutgers Declaration dated June 7, 2011 ¶¶ 11-13, 27-28. It does not matter that Dutch courts impose filing fees and that an award of attorneys fees is unavailable in the Netherlands. The Court of Appeals has held that a plaintiff's "claim of financial hardship may not be considered in determining the availability of an alternative forum." Murray v. British Broadcasting Corp., 81

F.3d 287, 293-94 (2d Cir. 1996); see also Scottish Air Int'l Inc. v. British Caledonian Group, PLC, 81 F.3d 1224, 1234 (2d Cir. 1996). Similarly, the fact that United States law may be more favorable to Plaintiff or that jury trials are unavailable in the Netherlands does render the Netherlands an inadequate forum. See In re European Aeronautic Defence & Space Co. Sec. Litig., 703 F. Supp. 2d 348, 354 (S.D.N.Y. 2010); Zweig v. Nat'l Mortg. Bank of Greece, 1993 WL 227663, at *8 (S.D.N.Y. June 21, 1993). The presence of several of these factors together does not alter the analysis.

At step three, Defendants must establish that a balancing of the "private and public interest factors tilts heavily in favor of the alternative forum." Abdullahi, 562 F.3d at 189. "The private interest factors include: (1) the relative ease of access to evidence; (2) the cost to transport witnesses to trial; (3) the availability of compulsory process for unwilling witnesses; and (4) other factors that make the trial more expeditious or less expensive." Maersk, Inc. v. Neewra, Inc., 554 F. Supp. 2d 424, 453-54 (S.D.N.Y. 2008). "The public interest factors include: (1) settling local disputes in a local forum; (2) avoiding the difficulties of applying foreign law; and (3) avoiding the burden on jurors by having them decide cases that have no impact on their community." Maersk, Inc., 554 F. Supp. 2d at 454.

The private factors clearly favor litigation in the Netherlands. All parties reside there and are Dutch citizens. All of the relevant documents are in Dutch and would need to be translated for use in a New York action. Dutch law governs Plaintiff's employment contract. And the majority of the relevant witnesses reside in the Netherlands. The fact that Plaintiff's doctor and former intern reside in New York does not ameliorate the significant time and expense that both sides will incur in having to litigate this action here. Moreover, because

Defendants have no assets in the United States, litigation in the Netherlands will obviate any need for a second action there to enforce a judgment from this Court.  See Scottish Air Intern., Inc. v. British Caledonian Grp., PLC, 81 F.3d 1224, 1233 (2d Cir. 1996).  Finally, litigation in the Netherlands will significantly reduce, if not eliminate, issues related to the Hague Convention procedures.

As to the public interest factors, the Netherlands has a far greater interest than does the United States in an employment discrimination dispute between a Dutch citizen working temporarily in the United States and a Dutch company that has no other presence in this country.  Indeed, while the United States has an interest in enforcing the Americans with Disabilities Act even as to employees of foreign companies, that interest is attenuated where a company employs only a single temporary employee in the United States.  In addition, Dutch courts are in a far better position to interpret Plaintiff's employment agreement (if needed), since that agreement is governed by Dutch law.  Finally, litigation in the Netherlands will avoid burdening a New York jury with a dispute that has only a tangential connection to this forum.

Accordingly, because the Netherlands is an adequate alternate forum and a balancing of the private and public factors tilts heavily in Defendants' favor, the motion to dismiss on forum non conveniens grounds is granted.  This dismissal is subject to the condition that Defendants waive any statute of limitations defenses in a suit in the Netherlands.  Defendants consented to this condition at argument.

-5-

      The Clerk of the Court is directed to terminate all pending motions and mark this case as closed.

Dated: July 18, 2011
       New York, New York

                              SO ORDERED:

                              WILLIAM H. PAULEY III
                                   U.S.D.J.

*Counsel of Record:*

Douglas H. Wigdor, Esq.
Ariel Y. Graff, Esq.
Thompson Wigdor and Gilly
85 Fifth Avenue
New York, NY 10003
*Counsel for Plaintiff*

Howard J. Rubin, Esq.
Davis & Gilbert LLP
1740 Broadway
New York, NY 10019
*Counsel for Defendants*

Jason E. Pruzansky, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue, Suite 3358-2
New York, NY 10153
*Counsel for Defendants*